GEORGIE· HEWINS, and another, Exrs.

*vs.*

FRED WHITNEY, and another.

Kennebec.    Opinion May 11, 1904.

*Insolvency.    Discharge,* Name of creditor omitted.    *R. S. (1883), c. 70, § 49.*

The omission of the name of a creditor by an insolvent in his schedule of creditors, under the state insolvency laws, where such omission is not wilful or fraudulent, does not affect the validity of a discharge duly granted to the insolvent debtor, in a suit brought by the creditor whose name was omitted.

Agreed statement.    Judgment for defendant, Fred Whitney.

This action is on a promissory note dated January 11th, 1892.

Case reported from Superior Court, Kennebec County, on the following case stated by the parties:—

"On October 7th, 1895, the defendant, Fred Whitney, filed his petition in insolvency in the insolvent court in Kennebec County under the State law, and on March 9th, 1896, received his discharge in the ordinary form.    The names of the plaintiffs were not included in his list of creditors and they had no actual notice of the insolvency proceedings or of his discharge.    Otherwise all his insolvency pro-

ceedings were regular, all notices required by law to be published in the newspaper having been so published. The debt represented by this note was due and outstanding and was not on the list of creditors filed by said Whitney, neither was George E. Hewins, deceased, nor his executrix, listed as creditors, nor was the note sued for in this action in any way returned by said Whitney as one of his liabilities in his schedule filed under oath or in any proceedings in said insolvency. In case the plaintiffs are entitled to recover under the above statement judgment is to be issued against both defendants; in case the plaintiffs are not entitled to recover under the above statement judgment is to issue only against Nellie Whitney, and in favor of said Fred Whitney."

*S. and L. Titcomb,* for plaintiffs.

*Jos. Williamson and L. A. Burleigh,* for defendants.

Sitting: Wiswell, C. J., Whitehouse, Strout, Savage, Peabody, Spear, JJ.

Wiswell, C. J. One of the two defendants in this suit upon a promissory note, dated January 11, 1892, relies upon a discharge in insolvency granted to him on March 9, 1896, in insolvency proceedings commenced by him on October 7, 1895, in accordance with the insolvency laws of this State, as a bar to the maintenance of the action against him. The only question presented by the agreed statement of facts, upon which the case comes to the law court, is whether or not the validity of this discharge as a bar to the maintenance of this suit, is affected by the fact that the insolvent debtor, in his schedule of creditors, omitted all mention of this note in suit, or of the creditor to whom it belonged. There is no intimation in the agreed statement of facts that this omission was wilful or fraudulent.

Our insolvency statutes contain no provision to the effect that the omission of the name of a creditor from the list of creditors, which the insolvent debtor is required to furnish, shall affect or invalidate the discharge in insolvency as a bar to a suit brought by the omitted creditor. Upon the contrary it is provided by R. S. (1883), c. 70, § 49: "A discharge in insolvency duly granted shall, subject to the

limitations in the two preceding sections, within this state, release the insolvent from all debts, claims, liabilities and demands, which were or might have been proved against his estate in insolvency." The claim sued in this action might have been proved against the insolvent's estate in insolvency, the discharge was duly granted, it is consequently a bar to the maintenance of this action against him.

It has been almost universally held by all of the courts of this country, that the omission of the name of a creditor in the insolvent's schedule of creditors, not wilful or fraudulent, does not affect the validity of the discharge in insolvency, duly granted, in a suit brought by the creditor whose name was thus omitted. See *Symonds* v. *Barnes*, 59 Maine, 191, 8 Am. Rep. 418; *Whiton* v. *Nichols*, 3 Allen, 583, and the cases cited in 16 A. & E. Ency. of Law, 2d. ed. p. 770.

In accordance with the stipulation of the agreed statement, the entries will be,

> *Judgment in favor of the defendant Fred Whitney.*
> *Judgment against the other defendant.*